| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV18899626 | D1 FX | 35685462 |

Rule 4 (B) Ohio
Rules of Civil Procedure

## SUMMONS



EXHIBIT A

|  |  |
|---|---|
| ERIC DAVIS | PLAINTIFF |
| VS | |
| CITY OF CLEVELAND | DEFENDANT |

CITY OF CLEVELAND
601 LAKESIDE AVENUE
ROOM 106
CLEVELAND OH 44114

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Plaintiff's Attorney

FRED M BEAN
25200 CHAGRIN BLVD

SUITE 200
BEACHWOOD, OH 44122-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

BRENDAN J SHEEHAN
Do not contact judge. Judge's name is given for attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas



By_____
       Deputy

DATE SENT
Jun 19, 2018

COMPLAINT FILED   06/18/2018

CMSN130



June 28, 2018

Dear Customer:

The following is the proof-of-delivery for tracking number **781484154146**.

## Delivery Information:

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered to:** | Receptionist/Front Desk |
| **Signed for by:** | E.BERMUDEZ | **Delivery location:** | 601 LAKESIDE 106 CLEVELAND, OH 44114 |
| **Service type:** | FedEx Express Saver | **Delivery date:** | Jun 20, 2018 10:15 |
| **Special Handling:** | Deliver Weekday | | |
| | Direct Signature Required | | |



## Shipping Information:

| | | | |
|---|---|---|---|
| **Tracking number:** | 781484154146 | **Ship date:** | Jun 19, 2018 |
| | | **Weight:** | 0.5 lbs/0.2 kg |

**Recipient:**
CITY OF CLEVELAND
601 LAKESIDE AVENUE
ROOM 106
CLEVELAND, OH 44114 US

**Shipper:**
CCoC
1200 Ontario
Cleveland, OH 44113 US

**Reference**  CV18899626
**Invoice number**  35685462

Thank you for choosing FedEx.

CV18899626 / 35685462 / CITY OF CLEVELAND / 2018-6-28 05:27



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

New Case Electronically Filed:
June 18, 2018 15:10

By: FRED M. BEAN 0086756

Confirmation Nbr. 1415054

ERIC DAVIS	CV 18 899626

vs.

CITY OF CLEVELAND	Judge: BRENDAN J. SHEEHAN

**Pages Filed:** 13

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| ERIC DAVIS<br>1190 East 168th Street<br>Cleveland, Ohio 44110<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF CLEVELAND<br>601 Lakeside Avenue<br>Cleveland, Ohio 44114<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT**<br><br>**(Jury demand endorsed herein)** |

Plaintiff, Eric Davis ("Davis"), by and through undersigned counsel, as his Complaint against Defendant, states and avers the following:

**PARTIES & VENUE**

1. Davis is a resident of the city of Cleveland, Cuyahoga County, state of Ohio.

2. Defendant City of Cleveland ("Cleveland") is an Ohio municipal corporation.

3. Cleveland is a political subdivision.

4. Cleveland operates the Department of Public Utilities, including the Water Division.

5. At all times material herein, Cleveland was Davis's employer pursuant to R.C. § 3121.89(C).

6. Cleveland is an "employer" within the meaning of O.R.C. § 4112.01(A)(2).

7. During all times material to this Complaint, Cleveland was an "employer" within the meaning of R.C. § 4112.01(A)(2).

8. At all times herein, Davis was acting in the course and scope of his employment.

9. All material events alleged in this Complaint occurred in Cuyahoga County.

10. Personal jurisdiction is proper over Defendants pursuant to Ohio R.C § 2307.382 (A)(1).

11. Venue is proper pursuant to Civ. R. 3(B)(2).

12. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

13. Davis is a former employee of Cleveland.

14. On or about June 17, 2007, Davis began working for Cleveland as a water pipe repairman.

15. Davis was involved in a work-related injury in 2008 and 2010 that left him with seven herniated discs in his spine.

16. Davis suffers from a disability as a result of his herniated discs.

17. Davis suffered from back spasms as a result of his herniated discs.

18. Davis used personal sick days to take off work when he had a back spasm.

19. Cleveland forced Davis to use sick days for back spasms even though Cleveland knew that Davis was eligible for leave under the Family Medical Leave Act ("FMLA").

20. Cleveland failed to inform Davis that he was eligible for FMLA leave in 2015.

21. Cleveland failed to provide Davis with FMLA paperwork in 2015.

22. Cleveland failed to inform Davis that he was eligible for FMLA leave from January 2016 through June 2016.

23. Cleveland failed to provide Davis with FMLA paperwork from January 2016 through June 2016.

24. In or around June 2016, Davis himself had to obtain FMLA paperwork.

25. Cleveland issued discipline to Davis for absences related to his disability that should have been covered by FMLA.

2

26. Cleveland issued discipline to Davis for absences related to his disability that should have been provided as a reasonable accommodation for his disability.

27. In or around October 2015, Cleveland changed its attendance policy.

28. Under the attendance policy that was in effect starting October 2015, Cleveland issued discipline to Davis for absences on November 6, 2015, November 30, 2015, December 11, 2015, December 14, 2015, December 18, 2015, January 5, 2016, January 14, 2016, January 22, 2016, April 7, 2016, April 20, 2016, May 4, 2016, May 18, 2016, June 3, 2016, and June 10, 2016.

29. Under the previous attendance policy, several of Davis's absences were covered because he presented doctor's notes and excuses within the allotted time.

30. When Cleveland changed the attendance policy, it retroactively went back through Davis' record and declared that these previously covered absences were now infractions.

31. This resulted in Davis being put on a disciplinary "step" that he otherwise would not have been placed on.

32. Davis used sick leave to cover many of his absences from November 2015 through June 2016.

33. Cleveland alleged that Davis had an "excessive" use of sick leave, but failed to engage with Davis in a dialogue to discuss reasonable accommodations.

34. Cleveland alleged that Davis had an "excessive" use of sick leave, but failed to inform Davis of his rights and eligibility under the FMLA.

35. In or around June 2016, Davis applied for intermittent FMLA leave.

36. Davis' request for intermittent FMLA leave was approved in or about September 2016.

37. Cleveland failed to apply FMLA leave to any of Davis's absences prior to September 2016.

38. Davis was allowed to take up to two days off of work up two times per month as needed for his back spasms.

39. Davis' medical certification from his physician indicated that when Davis suffered a back spasm or flare-up, he would about 48 hours before being physically able to return to work.

40. Davis provided this medical information to Cleveland.

41. Cleveland was aware that Davis' physician recommended a 48-hour accommodation for Davis to be off work when he suffered a back spasm or flare-up.

42. Once Davis became eligible for FMLA, Cleveland began retaliating against Davis.

43. Cleveland's attendance policy states that employees must call off at least one hour prior to the start of a shift to report an absence, unless prevented from doing so by extraordinary circumstances, otherwise, the employee will be held in violation of the policy.

44. Presumably, the purpose of Cleveland's attendance policy is simply so it has notice about an employee's whereabouts and/or to prevent an abuse of leave.

45. Cleveland does not consistently enforce its call-off policy for all employees.

46. Cleveland did not consistently enforce its call-off policy for employees similarly situated to Davis.

47. Cleveland's attendance policy states that employees may call off and report the duration of their absence rather than calling off every morning.

48. Cleveland's attendance policy states that an employee who is using FMLA leave must contact Cleveland's third party FMLA administrator, Care Works, to report an FMLA absence.

49. On or about August 8, 2017, at approximately 2:38 am, Eric Davis called and notified Cleveland that he would not be in to work on August 8, 2017 due to a back spasm ("August 8, 2017 Call Off").

50. The August 8, 2017 Call Off was made more than an hour before the start of Davis's shift on August 8, 2017.

51. On or about August 8, 2017, Davis also reported his absence to Care Works.

52. Based on the medical certification Cleveland already had from Davis' physician, Cleveland knew that Davis would be out of work for approximately 48 hours due his back spasm.

53. Based on the medical certification Cleveland already had from Davis' physician, Cleveland did not have or should not have had an expectation that Davis would have returned to work on August 9, 2017.

54. Had Cleveland engaged in the interactive process of determining a reasonable accommodation for Davis, his August 8, 2017 call off would have covered his absence from work for at least 48 hours per his medical certification.

55. Davis' call off on August 8, 2017, together with his medical certification providing for his need to be off work for 48 hours, satisfied the "employee whereabouts" purpose behind Cleveland's call-off policy.

56. Davis' call off on August 8, 2017, together with his medical certification providing for his need to be off work for 48 hours, satisfied the "prevent abuse of leave" purpose behind Cleveland's call-off policy.

57. On August 9, 2017, still suffering from his back spasm, Davis could not come into work.

58. On August 9, 2017, Davis was still within the 48-hour window of time he would need to be off of work for his back spasm, per his physician.

59. On August 9, 2017, at approximately 9:57 am Davis confirmed with Care Works that he was still unable to work due to his ongoing back spasm, consistent with his medical certification on file with Care Works and Cleveland.

5

60. Even if required, Davis was unable to call Care Works before 9:57am on August 9, 2017 because he had taken medication that effectively put him to sleep for an extended period of time in order to cope with his back spasm.

61. Even if required, Davis reported his need for leave on August 9, 2017, as soon as it was practical.

62. Even if required, Davis could not report his absence on August 9, 2017 earlier due to his extraordinary circumstances.

63. Had Cleveland accommodated Davis' disability, his call-in on August 8, 2017 would have covered his absences on both August 8 and August 9 without further call off.

64. Had Cleveland not disregarded Davis' physician's recommendations in the medical certification, Davis' call-in on August 8, 2017 would have covered his absences on both August 8 and August 9 without further call off.

65. Cleveland interfered with Davis' FMLA rights by requiring him to call off work on August 9, 2017 given that he had already called off on August 8, 2017 for a back spasm meaning he would be out of work for 48 hours.

66. Cleveland retaliated against Davis for his use of FMLA by requiring him to call off work on August 9, 2017 given that he had already called off on August 8, 2017 for a back spasm meaning he would be out of work for 48 hours.

67. Cleveland alleged that Davis failed to properly report his absence on August 9, 2017.

68. Cleveland alleged that because Davis did not properly report his absence on August 9, 2017 he was considered absent without leave or AWOL.

Electronically Filed 06/18/2018 15:10 / / CV 18 899626 / Confirmation Nbr. 1415054 / CLJML

69. Cleveland accused Davis of being AWOL despite having knowledge that on August 9, 2017, Davis was within the 48-hour window of time since calling off for FMLA regarding his back spasm.

70. Cleveland intentionally violated the FMLA by declaring Davis AWOL despite having knowledge of the information in his medical certification.

71. Cleveland willfully violated the FMLA by declaring Davis AWOL despite having knowledge of the information in his medical certification.

72. Cleveland accused Davis of being AWOL on August 9, 2017 so that Davis would be terminated.

73. Cleveland wanted to terminate Davis because he began using FMLA leave for his medical condition.

74. Cleveland terminated Davis on September 6, 2017.

75. Cleveland terminated Davis because he used FMLA leave.

76. Cleveland terminated Davis because he was disabled, or alternatively, because Cleveland perceived him to be disabled.

## COUNT I: FMLA RETALIATION

77. Davis restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

78. Davis worked at least twelve months with Cleveland prior to his request for leave.

79. Davis worked at least 1,250 hours prior in the immediately preceding twelve months prior to his request for leave.

80. Davis was eligible for FMLA leave.

81. During his employment, Davis requested FMLA leave.

7

82. After Davis requested to use FMLA leave Cleveland retaliated against him.

83. Cleveland retaliated against Davis by targeting Davis for termination.

84. Cleveland retaliated against Davis by issuing unwarranted disciplinary actions for absences that should have been covered by the FMLA.

85. Cleveland retaliated against Davis by creating a situation that would put Davis at risk for termination.

86. Cleveland retaliated against Davis by using an FMLA absence as a reason for termination.

87. Cleveland retaliated against Davis by terminating Davis.

88. Cleveland willfully retaliated against Davis in violation of U.S.C. § 2615(a).

89. As a direct and proximate result of Cleveland's wrongful conduct, Davis is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

90. As a direct and proximate result of the Cleveland's conduct, Davis suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT II: INTERFERENCE WITH FMLA RIGHTS

91. Davis restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

92. Cleveland qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4).

93. Davis was an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

94. An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the [FMLA]. 29 C.F.R. 825.220 (a)(1).

8

95. Davis alleges, that there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1), and that Davis was denied his entitlement to leave as prescribed in FMLA.

96. Davis never received information from Cleveland regarding his rights and/or eligibility for FMLA leave from the date of his injury in 2015 through June 2016.

97. Cleveland inconsistently enforced an attendance policy that required employees to call off for intermittent FMLA absences interferes with, retrains, or denies the exercise of right under the FMLA.

98. Cleveland violated its own attendance policy by declaring Davis AWOL despite having knowledge on August 8, 2017 when Davis called off work for his back spasm, consistent with the attendance policy, that Davis would be out of work for 48 hours pursuant to his medical certification.

99. Cleveland avoided permitting Davis to apply for FMLA leave.

100. Cleveland denied Davis the right to apply for FMLA leave.

101. As the result of Davis' termination, Davis has incurred, and is now incurring, a loss of wages and medical expenses, all within the meaning of the FMLA, 29 U.S.C. § 2617(a), in an amount to be proved at trial. These costs include, without limitation, lost wages and medical expenses during Davis's leave of absence, back pay from the effective date of termination, medical expenses from the date of termination, and lost employment benefits from the date of termination, the loss of front pay as of the date of employment benefits from the date of termination, the loss of front pay as of the date of this complaint, and any interest on the amount thereon as provided in the FMLA, 29 U.S.C. § 2617. The costs also include attorneys' fees.

102. Davis alleges that pursuant to 29 U.S.C. § 2617(a), Cleveland is liable to Davis for the costs described in the preceding paragraph.

9

103. As a direct and proximate result of the Cleveland's conduct, Davis suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

104. As a direct and proximate result of Cleveland's wrongful conduct, Davis is entitled to all damages provided for in the FMLA, including liquidated damages, costs, and reasonable attorney's fees.

### COUNT III: DISABILITY DISCRIMINATION IN VIOLATION OF OHIO R.C. 4112.01(A)(2)

105. Davis restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

106. During his employment Davis suffered from herniated discs in his spine.

107. Davis is disabled.

108. Cleveland perceived Davis as being disabled.

109. Davis's condition constituted a physical impairment.

110. Davis's condition substantially limited one or more of his major life activities including working.

111. Cleveland perceived Davis's condition to substantially limited one or more of his major life activities including working.

112. Cleveland treated Davis differently than other similarly-situated employees based on his disabling condition.

113. Cleveland treated Davis differently than other similarly-situated employees based on his perceived disabling condition.

114. Throughout his employment, Davis was fully competent to perform his essential job duties.

115. Cleveland violated Ohio Revised Code § 4112.01 *et seq.* by treating Davis differently than other similarly situated employees based on his disability.

116. Cleveland violated Ohio Revised Code § 4112.01 *et seq.* by discriminating against Davis due to his disability.

117. Cleveland violated Ohio Revised Code § 4112.01 *et seq.* by using Davis's disability as a factor when evaluating his performance.

118. Cleveland violated Ohio Revised Code § 4112.01 *et seq.* by applying employment policies in a disparate manner based on an employee's status as disabled or non-disabled.

119. Cleveland violated Ohio Revised Code § 4112.01 *et seq.* by applying disciplinary policies in a disparate manner based on an employee's status as disabled or non-disabled.

120. Cleveland violated Ohio Revised Code § 4112.01 *et seq.* by implementing an attendance policy that is designed to have a disparate impact on employees who suffer from disabilities and/or severe or debilitating physical medical conditions.

121. Cleveland violated Ohio Revised Code § 4112.01 *et seq.* by failing to engage in the interactive process with Davis regarding potential reasonable accommodations.

122. Cleveland violated Ohio Revised Code § 4112.01 *et seq.* by failing to provide Davis with reasonable accommodations for his disability.

123. Cleveland violated Ohio Revised Code § 4112.01 *et seq.* by considering Davis's history of use of medical leave as a factor in determining whether Davis should receive disciplinary action.

124. On or about September 6, 2017, Cleveland terminated Davis without just cause.

125. Cleveland terminated Davis based on his actual or perceived disability.

126. Cleveland terminated Davis in retaliation for his request for reasonable accommodation.

127. Cleveland terminated Davis for his attempted use of reasonable accommodation.

128. Cleveland violated Ohio Revised Code § 4112.01 *et seq.* by discriminating against, and terminating Davis.

11

129. As a direct and proximate result of Cleveland's conduct, Davis has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Eric Davis respectfully requests that this Honorable Court grant the following relief:

(a) Issue an order requiring Cleveland to retroactively restore Plaintiff to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against Cleveland of compensatory and monetary damages to compensate Davis for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of reasonable attorneys' fees, liquidated damages and non-taxable costs for Davis's claims as allowable under law;

(d) An award of the taxable costs of this action; and

(e) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Fred M. Bean*
FRED M. BEAN (0086756)
THE SPITZ LAW FIRM, LLC
25200 Chagrin Blvd., Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: fred.bean@spitzlawfirm.com

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff Eric Davis demands a trial by jury by the maximum number of jurors permitted.

/s/ *Fred M. Bean*
FRED M. BEAN (0086756)
**THE SPITZ LAW FIRM, LLC**

13